10-5286-cv
Grace Amaker v. Andrew J. Wylie & Timothy G. Blatchley

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of November, two thousand eleven.

PRESENT:

> JOSÉ A. CABRANES,
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
>
> *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

GRACE AMAKER,

*Plaintiff-Appellant,*

v.                                                              No. 10-5286-cv

NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, CLINTON COUNTY, DAVID HARDIN & RANDALL J. CUMM, in their individual and official capacities,

*Defendants,*

ANDREW J. WYLIE, TIMOTHY G. BLATCHLEY,

*Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**          DAVID M. FISH, New York, NY.

**FOR DEFENDANTS-APPELLEES:**          THOMAS J. HIGGS, Murphy, Burns, Barber & Murphy, LLP, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).[1]

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-Appellant Grace Amaker ("Amaker") appeals from a final judgment entered December 6, 2010, following a jury trial in the Northern District of New York. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

Amaker commenced this 42 U.S.C. § 1983 action on January 16, 2008, against the New York State Department of Corrections, Clinton County, David Hardin, and Randall J. Cumm, alleging various violations of her federal rights stemming from her arrest for Promoting Prison Contraband in the Second Degree. Amaker subsequently amended her complaint to add defendants Andrew J. Wylie ("Wylie") and Timothy G. Blatchley ("Blatchley"), the District Attorney and an Assistant District Attorney, respectively, for Clinton County, NY. Amaker alleged that Wylie and Blatchley deprived her of her civil rights by charging her with Promoting Prison Contraband in the Second Degree and subsequently elevating the charge to Promoting Prison Contraband in the First Degree in retaliation for Amaker's refusal to plead guilty to the lesser charge.

On December 8, 2008, the District Court dismissed the official-capacity claims against Wylie and Blatchley on the basis of sovereign immunity, and dismissed the individual-capacity claims against them on the basis of absolute prosecutorial immunity. On January 26, 2010, the District Court entered summary judgment in favor of Randall J. Cumm, but allowed Amaker to try her claims of false arrest and malicious prosecution against the remaining defendant, David Hardin.[2] After a trial, the jury returned a verdict in favor of the remaining defendant. The Clerk entered a final judgment against Amaker on December 6, 2010.

---

[1] The case was originally assigned to Judge Lawrence E. Kahn, who ruled on the motion to dismiss under review, before being reassigned to Judge McAvoy prior to trial.

[2] As a result of an apparent oversight, the District Court also granted summary judgment in favor of Wylie and Blatchley, despite the fact that they had already been dismissed from the case and had not moved for summary judgment.

*Appellate Jurisdiction*

According to her Notice of Appeal, Amaker specifically appeals from "a January 26, 2010 Memorandum-Decision and Order in the action, dismissing defendants Andrew J. Wylie and Timothy G. Blatchley, in their individual and official capacity on the grounds that 'Plaintiff has not produced any direct evidence of malice on the part of defendants Wylie and Blatchley,' prior to the final judgment in this action, dated December 6, 2010." Notice of Appeal, *Amaker v. N.Y. State Dep't of Corr. Servs.*, No. 08-cv-00058 (N.D.N.Y. Dec. 29, 2010), ECF # 62. However, Amaker's claims against Wylie and Blatchley had already been dismissed at the time of the January 26, 2010, Order and the December 6, 2010, Judgment.

Wylie and Blatchley argue that Amaker's failure to refer to the December 8, 2008, Order that dismissed her claims against them precludes our review of this appeal. We have observed that "our appellate jurisdiction 'depends on whether the intent to appeal from [a] decision is clear on the face of, or can be inferred from, the notice of appeal.'" *Sahu v. Union Carbide Corp.*, 548 F.3d 59, 65-66 (2d Cir. 2008) (quoting *New Phone Co. v. City of New York*, 498 F.3d 127, 131 (2d Cir. 2007) (alteration in *Sahu*)). Here, the Notice of Appeal identifies the December 6, 2010, Judgment, which itself states that "[p]ursuant to Defendants Clinton County, Andrew Wylie and Timothy Blatchley's . . . motion to dismiss . . . the plaintiff's . . . amended complaint was dismissed in its entirety against [them]." Judgment, *Amaker v. N.Y. State Dep't of Corr. Servs.,* No 08-cv-00058 (N.D.N.Y. Dec. 6, 2010), ECF # 60. Therefore, we conclude that we have jurisdiction because it can be fairly inferred that Amaker in fact appeals from the December 8, 2008, Order granting Wylie's and Blatchley's motion to dismiss.

*Standard of Review*

Because we are reviewing the District Court's order granting the motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), we adopt the standard of review applicable in such cases. "We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). To survive a motion to dismiss under Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

*Substantive Issues*

By the December 8, 2008, Order, the District Court dismissed the claims against Wylie and Blatchley on the bases of sovereign immunity and absolute prosecutorial immunity. We affirm the judgment for substantially the reasons stated in the opinion of the District Court. *See Amaker v. Clinton Cnty.*, No. 8:08-cv-00058, 2008 WL 5157442 (N.D.N.Y. Dec. 8, 2008).

With respect to the claims against Wylie and Blatchley in their official capacities, the District Court correctly held that they benefitted from New York's Eleventh Amendment immunity against suit. *See Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993) ("To the extent that [a § 1983] claim is asserted against the state official in his official capacity, he may assert the state's Eleventh Amendment immunity against suit . . . .").

With respect to Amaker's individual-capacity claims against Wylie and Blatchley, the District Court correctly held that they were entitled to absolute prosecutorial immunity. It is well settled that prosecutors performing prosecutorial activities that are "intimately associated with the judicial phase of the criminal process" are entitled to absolute immunity from an action for damages under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). The alleged actions taken by Wylie and Blatchley in this case—the decision to prosecute, the selection of the charge, and the decision not to dismiss the charge—clearly fall within the scope of activities that are "intimately associated with the judicial phase of the criminal process." *Id.*; *see also id. at* 431 (extending absolute immunity for "initiating a prosecution"); *Taylor v. Kavanagh*, 640 F.2d 450, 453 (2d Cir. 1981) (extending absolute immunity for negotiating a guilty plea); *Powers v. Coe*, 728 F.2d 97, 103-04 (2d Cir. 1984) (extending absolute immunity for entering an agreement not to prosecute). Furthermore, as we observed in *Ying Jing Gan*, "the question of whether or not to institute a prosecution necessarily encompasses the question of precisely what charges will or will not be made." 996 F.2d at 530. Amaker's argument on appeal that Wylie and Blatchley acted outside their prosecutorial capacities by advising an investigator on Amaker's second arrest fails because Amaker did not include this allegation in her complaint.

## CONCLUSION

We reject all of Amaker's claims on appeal. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

4